UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DERRICK LEE CARDELLO-SMITH,

Plaintiff,

-against-

SEAN COMBS,

Defendant.

24-CV-8738 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated in the Earnest C. Brooks Correctional Facility, in

Muskegon, Michigan, styles this petition as a "Notice of Removal" of his federal action,

*Cardello-Smith v. Combs*, No. 24-CV-12737 (E.D. Mich. Nov. 18, 2024) (dismissed without

prejudice).[1] Plaintiff names Sean Combs as the sole defendant in this action. Plaintiff previously

filed an action against Defendant Sean Combs in a Michigan state court (the 39th Circuit Court

for the County of Lenawee), which Combs removed to federal court on the basis of diversity

jurisdiction, where it remains pending *See Cardello-Smith v. Combs*, No. 24-CV-12647, 35 (JEL)

(KGA) (E.D. Mich. Nov. 15, 2024) (denying motion to remand).  For the following reasons, this

action is transferred to the United States District Court for the Eastern District of Michigan.

## DISCUSSION

**A.    Removal**

The statute governing removal of an action to federal court provides, in relevant part, as

---

[1] The Eastern District of Michigan dismissed that action without prejudice on the ground that Plaintiff was barred, under 28 U.S.C. § 1915(g), from filing federal civil actions *in forma pauperis* while he is a prisoner, and he "has been made aware that he is a three-striker because he has been denied leave to proceed *in forma pauperis* as a three-striker on multiple occasions." *Cardello-Smith*, No. 24-CV-12737, 9 (E.D. Mi. Nov. 18, 2024) (collecting cases). Plaintiff has not submitted an *in forma pauperis* application or prisoner authorization form for this action.

follows:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

Plaintiff's attempt to style this action as a Notice of Removal is improper for multiple reasons. First, removal is available only to a defendant – not a plaintiff. *Id.* § 1441 ("Any civil action . . . may be removed by the defendant . . . ."). Second, the procedure allows for removal to federal district court of an action pending in state court – not an action pending in another federal district court. This complaint therefore cannot be treated as a Notice of Removal.

**B.    Venue**

Under the general venue statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Plaintiff brings this new action against Defendant Combs for allegedly breaching an agreement. (ECF 1 at 1.) Plaintiff alleges that "the contract signing took place in New York, as well as Michigan." (*Id.*)

These claims against Combs are apparently already pending in the United States District Court for the Eastern District of Michigan. *Cardello-Smith*, No. 24-CV-12737 (E.D. Mich.). In that action, Plaintiff brings claims against Defendant Combs for allegedly (1) sexually assaulting him in 1997 in Michigan, (2) breaching a contract with Plaintiff, who had allegedly invested

$150,000 in Combs's Bad Boy record label; and (3) engaging in a conspiracy with then-Judge Kym Worthy of Wayne County, Michigan. *Cardello-Smith*, No. 24-CV-12737 (E.D. Mich.).

The Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-27 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

Where a plaintiff files duplicative, or substantially similar actions, in two different districts, there is a strong presumption in favor of the forum of the first-filed suit. *See New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991). In addition, a plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001). Here, Plaintiff already has a substantially similar action pending in the Eastern District of

Michigan. Plaintiff does not reside in this district, and he alleges that at least part of his claims arose in Michigan. (ECF 1 at 1.)

Under Section 1404(a), transfer appears to be appropriate for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of Michigan. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of Michigan. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   November 25, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge